The subsequent clauses make provision for the disposition of half of the real estate, in the event of the death of any one of the children named; and as to the other half of the estate of the testatrix remaining after the death of Mary Harrison, disposition is made of the same to the children of the daughter of the testatrix, Emma Harrison Guthrie, upon the same conditions determined upon as to the children of Mrs. Whittaker.
Nothing in the will states the nature of the estate, but we are advised by the pleadings that a portion consisted of two hundred and forty-seven (247) shares of the capital stock of the Cincinnati Gas & Electric Company. Thei’e is nothing to indicate that an investment in these funds was ever authorized by the court having a jurisdiction over the estate, but it does appear from the amended petition that the plaintiff, fearing because of statutory liability and on account of fluctuating value of the stock, that *118 there was danger of loss to her and the other beneficiaries and the other devisees under the will by reason of this investment in the stock of the gas company, made an application to the probate court for authority to sell and transfer said stock and reinvest the proceeds according to law, on the theory that the best interests of all parties in interest were to be subserved thereby. All of the beneficiaries were made parties to such application, and all consented thereto, as will appear by reference to the records of the probate court, in cause No. 35,558. For the purpose of giving effect to such order, authority was given for the transfer of the two hundred and forty-seven (2471 shares of stock from the name of Mary A. Harrison and Mary Harrison to the name of Mary IT. Guthrie, administratrix with the will annexed of said decedent. Authority thus having been given to the plaintiff as such administratrix to sell all or any part of said stock at the prevailing market price and to reinvest the same in' accordance with law, request was made to The Union Savings Bank & Trust Company, a party defendant, as the transfer agent of The Cincinnati Gas & Electric Company, for a transfer of the stock in question for purpose of sale as, directed by the court. Upon their refusal to transfer the stock, an action was brought in this court to compel these companies to comply with the order of the probate court. The refusal was based on the ground that the stock in question being held in trust as described could not be sold under any condition or circumstance and that there was no power that could therefore authorize such sale as prayed for. The answer of the defendant, The Cincinnati Gas & Electric Company, was met with a demurrer, and the court having overruled the same, leave was given to the plaintiff to file a reply. This the plaintiff declined to do and has prosecuted error in this proceeding' to reverse the decision of the court in overruling the demurrer to the answer. The only question therefore to be considered, is whether the amended petition contained a cause of action for the sale of the stock. This necessitates an examination of the statutes, for the purpose of determining whether authority is given an administratrix with the will annexed to sell personal property for the purpose of changing investment' and reinvesting the proceeds.
*119 It is contended by tbe gas company that no authority is to be found in the statutes authorizing the selling of bonds, stocks, •etc., for investment and reinvestment — that power being limited by statute to the payment of debts. The plaintiff below, plaintiff in error here, prays for an order and judgment authorizing the transfer and sale of the stock and for an order and judgment ■commanding and enjoining upon the defendant company the duty of making the transfer -on the books of the company. The decision on demurrer finds that there was no power authorizing that court or the probate court to order sale of stocks and bonds for any other purpose than to pay debts, and that therefore the order of the probate court commanding the transfer of the stock was nugatory.
It will be observed that this application for the sale of stock was made by an administratrix with the will annexed for the purpose of saving the trust estate in her hands from loss which to her and to all of those concerned was apparent, and, therefore, the application was made, not for the purpose of paying debts, but for the conservation of the estate to the court, which under the statute had full jurisdiction to direct and control the conduct of the plaintiff as such administratrix (Section 5124, Revised Statutes). Proceeding under the authority of the will whose sole object was to provide for the management, direction and control of the estate, an application was made to the court which, under Section 6080, had “authority to direct any executor or administratrix to sell any stock in any corporation on terms prescribed by that statute. ’ ’ Nothing in said section indicates an intention to confine such sale to the payment of debts, but-this section is important as indicating a purpose to vest in the probate court full power to determine whether such sale shall be made and also the terms and conditions of the order. If the only question in the case were one of the power on the part of ■ the court to order sale of the stock or similar stock the language is certainly sufficiently broad to cover the same under the general provisions found in Chapter 7, Revised Statutes. The probate court has plenary jurisdiction over executors, administrators, guardians and trustees and is expressly given in Section 6413 power to approve of all investments of funds belonging to such trustees, and while there is no express authority given in *120 this or the other section referred to for the reinvestment of stocks or bonds, yet an examination of this section furnishes strong reason for believing that it was the intention of this act to place in the court (having control of the administration of the trust) full authority to pass upon all questions of investment as well as reinvestment where the interest of the estate might require it. The language of the act requires that all matters of investment, are to be approved by the court having control of the administration, and there is manifestly a distinction observed in the statutes between the duties of the administratrix and the administratrix with will annexed. The former has no authority in the statute to invest except where litigation may probably tie up the estate for more than six months, but the administratrix with the will annexed executing a will is a trustee in the management, direction and control of >an estate for a period of years, subject always to the approval and direction of the probate court. The administratrix is a statutory officer whose duties are confined to the sale of the property, the payment of debts and the distribution at the earliest time provided by law of the estate, and except as provided in Section 6413 she has no authority to invest and no provision is made for the same, and manifestly no authority given for reinvestment, but it is not so with the executor in this ease who is administratrix cum testamento cmnexo. The plaintiff in error occupies a position similar to that of the guardian whose duties require him to hold the estate until the happening of á given event, and while holding to loan or invest the money within a reasonable time after he receives it, in such manner as is provided in Section 6269, Clause 7. Said administratrix with the will annexed is a trustee of an express trust, the will, to which the .court must look for the purpose of giving effect to the intention of the donor.
While there could be no question about the jurisdiction of the probate court to hear and determine all matters relating to the management, direction and control of trust estates generally, it is contended that the power of that court as expressed in the statute fails in furnishing any remedy to save an estate during administration from loss or possible destruction from depreciation in stocks or bonds because of lack of authority in the matter of sale for reinvestment.
*121 Section 6330 gives to the probate court the right to require any trustee on the termination of his said trust to' render a final account of the manner in which he has executed his said trust and to hear and determine all matters relating thereto in the same manner as is provided for executors and administrators.
The statute is not silent as to the mode of closing up estates, neither is it ambiguous as to those whose duties requiring one to manage and control for a term of years a trust estate. It is just as much the duty of an executor acting as trustee under'a will to sell and invest and reinvest the trust estate coming into his hands as it is the duty of the administratrix under Section 6074 to sell the personal property belonging to the estate in the event of a necessity of the same for the payment of debts or for the purpose of distribution; but, manifestly under that section, he would have no power of sale of bonds and stocks when the sale of them is not necessary for the payment of debts. Suppose however that it should appear to the satisfaction of the court that such bonds and stocks were in imminent peril and the estate as to them was in jeopardy, could it be said that no authority was to be drawn from these statutes to justify the court having jurisdiction over the estate from doing that which a prudent man would do in the execution of his own affairs? Would the hands of the court be tied? And would its officers be excused for permitting the estate to be wasted because of no “express authority” to be found in the words of the statute for saving the estate from loss?
The case at bar furnishes an illustration of the wisdom of giving ’to the probate court the widest possible discretion and authority in the control of estates. There were no provisions in this will for the sale of the stocks that had been bequeathed to A for life and the remainder to B, C and D. At the time of the making of the will the investment may have seemed to the donor as safe and advisable, but after her decease circumstances not anticipated seemed to threaten the estate with loss and a statutory liability was possible. Under such circumstances application was made to the probate court for order to sell and invest the proceeds, and the contention is that this request on the part of all the beneficiaries should have been denied because *122 no express authority is found in the statute to change an investment and that sale could be had only to pay debts.
If the position taken by the court below be correct, that there is nowhere express authority given to the probate court to order 'the sale óf bonds, stocks, etc., except for the payment of debts, that was the duty of the trustee, in this ease the administratrix with the will annexed, in the premises? Manifestly the duty of every trustee of an express trust is to follow the directions given.
“The administratrix with the will, etc., must look to the will, and, in the absence of instruction or direction as to conversion and investment of the trust property, to be safe should take care to invest the property in the securities pointed out by law. If the trustee expects not to be liable for any loss, he is not to be negligent in failing to change an investment when it ought to be •changed to save it” (Perry on Trusts, Section 465).
The doctrine laid down in King v. Talbut, 40 New York, 76, is restated in many of the leading cases that describe the duty •of one who has received no express direction but who has accepted the responsibility of handling “trust funds for investments” for the benefit of minor children to be supported from the income accruing therefrom.
Such a responsibility requires that they be (a) placed in a state of security; (b) that they are made productive of interest, (c) and of so making the investment that it shall also be subject to future recalls for the benefit of the cestui que trust.
The transfer agent had a duty to perform after the order of the court necessarily incident to the sale; and there would seem to be no reason in the nature of things why responsibility in the premises could rest upon such agent. The object of such corporation was to protect purchasers from the danger of double sale of the stock and to preserve and keep for proper reference a list of stockholders (Lowell on Transfer of Stock, Section 106).
“The primary duty of every executor or administrator is to preserve the estate in his hands and to protect it from loss and he has power to do whatever may be necessary for that property. He is not however a guarantor of the safety of the property but he must act with such prudence and diligence as are generally observed by prudent men of intelligence and discretion in re *123 gard to their own affairs” (American & English Encyclopedia of Law, Volume 11, page 944).
“If no positive instructions are given as to the investment of the trust funds, but the will simply directs that they shall be properly invested, the executor is held to the exercise of that sound discretion and good judgment which a prudent man ordinarily exercises in the management of his own affairs” (American & English Encyclopedia of Law, 958).
The will in question contains no instructions whatever as to the manner of investment, but did provide for the payment of a monthly sum to one of the beneficiaries during life, and did create a life estate, and indicates plainly the intention on the part of the testatrix that the estate should be invested in order that an income should be provided to meet the plain requirements of the will.
The rule applicable to the ease at bar, irrespective of statute, is well stated by Woermer in the American Lav/ of Administration, Volume 2, star page 709, as follows:
“Where investment made by a testator or intestate comes into the hands of the executor or administrator, he is required, in determining whether to sell such stock, to act in good faith, and exercise a sound discretion; if the testator has given no directions in the will the ordinary rules of pradenee and diligence apply.”
While the fact that he has invested the property in particular stocks, shares of corporations, etc., will go far to justify his executor in continuing them, that fact alone would not justify the executor in continuing the investment in the face of such facts as would induce a prudent man to change the investment to avoid loss. (Perry on Trusts, Section 465).
“If a testator gives any directions in his will to continue his investments already made the trustee must, of course, follow such directions, and if they follow them in good faith they will not be liable for any loss unless they are negligent in failing to change an investment when it ought to he changed to save it.” 104 Penna., 46; 160 Pa. St., 13; 158 Massachusetts, 330; 47 N. J. Equity Reports, 179.
In many of the states there are statutes providing for the manner of the investment of all trust funds and persons holding *124 fiduciary relations are required to invest in them, but in states where there are no fixed funds or securities in which trustees shall invest, the fact that a testator has invested his property in a particular stock or share of corporation might justify the continuance of the investment yet “taking all the cases together, it would appear to be a settled principle that trustees are not justified in the absence of expressed or implied directions in the will, in continuing an investment permanently, made by the testator, that they would not be justified themselves in making” (Perry on Trusts, Volume 1, Section 465). .
Aaron A. Ferris, for plaintiff in error.
John W. Warrington, for defendant in error.
It would seem therefore by the great weight of authority that it was the plain duty of the administratrix of this estate, under the facts set forth in her application, to have applied to a proper court for authority to change the investment, if she believed that the circumstances justified the conclusion that the securities which she held in trust were in jeopardy; but it is said that the probate court being without authority to make the order complained of, this court could therefore give no effect to an order conceded to be invalid. '• As to this proposition we think the authority is fully given in Section 524, which says of the probate court, that it has full jurisdiction to direct and control the conduct of all executors and administrators in the management of estates.
We believe that the amended petition filed below contains a good and sufficient cause of action and that the demurrer filed to the answers of the defendants should be sustained.